| | | |
|---|---|---|
| SREAM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00209-DCLC-SKL |
| | ) | |
| KANKU EXPRESS #21, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SREAM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00210-DCLC-SKL |
| | ) | |
| POOJA, INC., doing business as Kankus Express, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SREAM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00211-DCLC-SKL |
| | ) | |
| JOSEPH CHAUDHARI, LLC, doing business as Kanku's Exxon #5, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

These three cases involve trademark infringement and other related intellectual property claims, Case Nos. 1:20-cv-209, 1:20-cv-210, and 1:20-cv-211.[1]  The plaintiff in each of these cases, Sream, Inc. ("Sream"), alleges it is the exclusive licensee of the trademark "RooR," which is a brand of water pipes and accessories used for smoking.  Sream alleges each of the Defendants (Kanku Express #21; Pooja, Inc., d/b/a Kankus Express; and Joseph Chaudhari, LLC, d/b/a Kanku's Exxon #5) sold counterfeit water pipes at different Kanku's stores in and around Chattanooga, Tennessee.

The complaint in each case was filed on July 29, 2020.  Each Defendant was served with the summons and complaint, but none of the Defendants—two incorporated entities and an LLC—have had counsel enter an appearance on their behalf, or given any other indication of an intent to participate in these lawsuits.  The Clerk entered default against each Defendant, and Sream subsequently filed motions for default judgment [Doc. 24 in Case No. 1:20-cv-00209; Doc. 25 in Case No. 1:20-cv-210; Doc. 25 in Case No. 1:20-cv-211], which are currently before the Court and which have been referred for issuance of a report and recommendation.[2]

---

[1] Other than photographs of the stores and the names of the Defendants, each complaint is identical, so all citations in this report and recommendation will be to documents filed in Case No. 1:20-cv-209 unless otherwise noted. A fourth related case against a different defendant but with identical allegations was dismissed with prejudice on December 10, 2020, following entry of a joint stipulation of dismissal [*Sream v. Chaudhari Bros., Inc. d.b.a. Citgo Kanku Market*, Case No. 1:20-cv-212, Doc. 17].

[2] Also pending in Case No. -210 is a duplicative motion for default judgment at Docket No. 23, and in Case No. -211 a duplicative motion for default judgment at Docket No. 23.  I will recommend denying these motions as moot.

## II. DEFAULT JUDGMENT

Sream is proceeding under Federal Rule of Civil Procedure 55(b)(2), which applies to entry of default judgments by the court. The rule provides:

> A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>     (A) conduct an accounting;
>
>     (B) determine the amount of damages;
>
>     (C) establish the truth of any allegation by evidence; or
>
>     (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

The granting of a motion for default judgment under Rule 55(b)(2) is "left within the sound discretion of the court"; however, there are procedural and substantive requirements which must be met. *HICA Educ. Loan Corp.*, 2012 WL 6799752, at *1 (quoting *Irby v. Fashion Bug* (*In re Irby*), 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Fed. R. Bankr. P. 7055, which incorporates Fed. R. Civ. P. 55)). Procedurally, a plaintiff must show (1) the defendant was properly served with process; (2) the procedural obligations for default judgment under Federal Rule of Civil Procedure 55 have been fulfilled; (3) the defendant was served with notice at least seven days before the hearing on the motion for default judgment, if the plaintiff is seeking default against a defendant who has entered an appearance; (4) the defendant is not an infant or incompetent person; and (5) the defendant is not a member of the armed services who is entitled

to protection under the Servicemembers Civil Relief Act. *Id.* at *3-4 (citations omitted). Only if the plaintiff fulfills all these requirements does the court have discretion to enter a default judgment. *Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records Am., Inc. v. Bagan*, No. 08-4694, 2009 WL 2170153, at *2 (D.N.J. July 21, 2009)).

The United States Court of Appeals for the Sixth Circuit has held that, as a matter of substance, "courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted." *HICA Educ. Loan Corp.*, 2012 WL 6799752, at *1 (citing *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) (table)) (other citations omitted). In making this determination, the court should accept all well-pleaded allegations in the complaint as true except for those relating to the amount of damages. *Id.* at *1-2 (citation omitted). "Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broadcast Music*, 2009 WL 3785878, at *5.

### III.     ANALYSIS

#### A.     Procedural Requirements

I find Sream has met the procedural requirements for entry of a default judgment against each Defendant. The Court has already determined each Defendant was served with a summons on November 13, 2020 [*see* Doc. 13 in Case No. -209; Doc. 14 in Case No. -210; Doc. 17 in Case No. -211]. Before moving for judgment, Sream also applied for entry of default with the Clerk, which the Clerk has entered in each case [Doc. 22 in Case No. -209; Doc. 21 in Case No. -201; Doc. 20 in Case No. -211].

Moreover, no attorney has entered an appearance on behalf of any of the Defendants. Therefore, it was not necessary for Sream to serve any of the Defendants with the motion for default judgment. *See Slutsky v. Am. Exp. Travel Related Servs. Co. (In re William Cargile Contractor, Inc.)*, 209 B.R. 435, 438 (B.A.P. 6th Cir. 1997) ("Rule 55 unequivocally states that service of the motion is required 'if the party against whom judgment by default is sought has appeared in the action.' Fed. R. Civ. P. 55(b)(2). . . . Having failed to appear in the action, Western was not entitled to notice of the Trustee's motion for default judgment." (other internal citations omitted)).

Finally, each of the Defendants is either an incorporated entity or an LLC according to the complaints, and therefore none of the Defendants is an infant, incompetent person, or a member of the armed forces. *See Laufer v. Aark Hosp. Holding, LLC*, No. 20-5648, 2021 WL 486902, at *3 (D.N.J. Feb. 10, 2021) (finding no affidavit is necessary to establish that LLC defendant was not a minor, incompetent, or member of the armed services). Sream also included an affidavit attached to each motion for default judgment stating each Defendant is "not an infant, incompetent natural person[], or a person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940." [Doc. 24-1 at Page ID # 96].

**B.      Substantive Requirements**

Sream asserts each Defendant sold products with identical or nearly identical versions of the RooR logo affixed without Sream's permission, and that these products "are made with inferior materials and technology" and sold without Sream's permission at low prices, thereby leading to "significant illegitimate profits by store owners." [Doc. 1 at Page ID # 5, ¶ 17]. Sream argues these facts, along with others asserted in each complaint, "establish all of the necessary elements of Plaintiff's claims for (i) Federal Trademark Counterfeiting and Infringement of the RooR

trademark in violation of 15 U.S.C. § 1114; (ii) Federal Trademark Counterfeiting of the RooR trademark in violation of 15 U.S.C. § 1116(d); and (iii) Federal False Designation of Origin and Unfair Competition in violation of 15 U.S.C. § 1125(a)." [Doc. 24 at Page ID # 85].

In each case, Sream contends "an award of $15,000 is the appropriate amount of statutory damages that is well within the discretion of the Court to award." [Doc. 24 at Page ID # 92]. Sream also requests $783.51 in costs for each case.

### 1. 15 U.S.C. §§ 1114, 1116(d)

Section 1114 provides:

> (1) Any person who shall, without the consent of the registrant—
>
>> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>>
>> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114.

Section 1116(d) provides for specific injunctive remedies when a defendant uses a "counterfeit mark," which is defined as an unauthorized, "spurious designation that is identical

with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available . . . ." 15 U.S.C. § 1116(d)(1)(B)(ii).

"A party proves trademark infringement by showing (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark 'is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.'" *AWGI, LLC v. Atlas Trucking Co., LLC*, 998 F.3d 258, 264 (6th Cir. 2021) (quoting *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013)).

Sream admits "RooR Int'l is the owner of [the] federally registered and common law trademarks" at issue in this case [Doc. 24 at Page ID # 87]. Attached to the motion for default judgment is an affidavit from Jarir Farraj, the owner of Sream [Doc. 24-2]. He swears that "Martin Birzle, who does business as 'RooR' in Germany" is the "registered owner" of at least one of the relevant trademarks [*id.* at Page ID # 98-99, ¶ 3]. Accordingly, Sream is not the owner or registrant. Rather, Sream alleges in its complaint that it is the "exclusive U.S. licensee authorized to use the trademark 'RooR' and has been granted authority by the trademark owner to police and enforce the RooR trademark within the United States." [Doc. 1 at Page ID # 2, ¶ 5]. Sream further alleges:

> 10. Since 2013, Sream has been the exclusive licensee for the RooR Marks within the United States. Sream manufactures glass products and various smokers' articles bearing the RooR Trademarks, including water pipes. A copy of Sream's license agreement for the RooR Marks is available upon request subject to the signing of a confidentiality agreement.
>
> 11. Under the license agreement, Sream also advertises, markets, and distributes water pipes, parts, and accessories related thereto and other smokers' articles in association with the RooR Marks.

7

> 12. Also pursuant to the license agreement, Sream has been granted all rights to sue to obtain damages and injunctive relief for past and future infringement of the RooR Marks in the United States.
>
> . . . .
>
> 18. . . . . Sream has been forced to enforce their rights in order to protect the RooR Marks against unauthorized use. By exercising its Enforcement Rights, Sream, with the cooperation of its licensor, has proactively and successfully policed the unauthorized use of the RooR Marks and/or counterfeit RooR branded products nationwide. . . . In many instances, Sream has had to seek redress from the courts in order to enforce its rights in the RooR Marks.

[*Id.* at Page ID # 4-5].

Under the Lanham Act, owners of trademarks and their assignees have standing to sue for trademark infringement. *Brimstone Recreation, LLC v. Trails End Campground, LLC*, No. 3:13-CV-331-PLR-HBG, 2014 WL 4722501, at *3 (E.D. Tenn. Sept. 22, 2014) (citing 6 McCarthy on Trademarks and Unfair Competition § 32.3 (4th Ed.)). Exclusive licensees can also have standing under certain circumstances. *Id.* (citing *Wynn Oil Co. v. Thomas*, 839 F.2d 1183 (6th Cir. 1988)). "A licensee will have standing where the agreement transfers to the licensee all of the licensor's rights in the use of the trademark, or where the agreement grants the licensee exclusive use of the mark without restricting the licensee's ability to enforce the mark." *Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co.*, 339 F. Supp. 2d 944, 959-60 (W.D. Mich. 2004).

Sream states it is the "exclusive U.S. licensee authorized to use the trademark 'RooR,'" and has been granted "all rights to sue to obtain damages and injunctive relief for past and future infringement of the RooR Marks in the United States" [Doc. 1 at Page ID # 2, ¶ 5; Page ID # 4, ¶ 12]. Accepting these well-pleaded allegations as true, I find Sream has standing to pursue claims for infringement of the RooR trademarks under 15 U.S.C. § 1114. *Cf. Profusion Indus., LLC v. Chem-Tek Sys., Inc.*, No. 5:16-cv-164, 2016 WL 7178731, at *4-5 (N.D. Ohio Dec. 9, 2016)

8

(licensee failed to show standing where the complaint did not describe the nature of the purported "exclusive license" and complaint alleged no facts that licensee had the right to pursue actions for trademark infringement). Other district courts have similarly found Sream is entitled to relief based on its exclusive license. *See, e.g., Sream, Inc. v. Andy's Smoke Shop, Inc.*, No. 18cv1676-MMA (RBB), 2018 WL 5279130, at *3 (S.D. Cal. Oct. 23, 2018); *Sream, Inc. v. Tiger Bros. Food Mart, Inc.*, No. 17-00657-BAJ-RLB, 2019 WL 2724336, at *2 (M.D. La. July 1, 2019); *Roor Int'l BV v. S&T Tobacco, Int'l*, No. 6:18-cv-1733-Orl-37GJK, 2019 WL 3225532, at *2 (M.D. Fla. June 27, 2019); *Sream, Inc. v. Hanoun*, No. ED CV 16-01394-AB (JCx), 2016 WL 11002361, at *1 (C.D. Cal. Oct. 28, 2016) (awarding default judgment, noting "Plaintiff is the exclusive licensee of these marks in the United States and has been granted all enforcement rights to obtain relief for infringement of the RooR brand."); *Sream, Inc. v. Smoke Scene, Inc.*, No. 15-CV-5185 (VEC) (RLE), 2016 WL 7665065 (S.D.N.Y. Nov. 28, 2016) (same), *report and recommendation adopted*, 2017 WL 74726 (S.D.N.Y. Jan. 5, 2017).

As for the second element, I find Sream has established each of the Defendants used the trademark in commerce, namely by selling the counterfeit water pipes in their stores—that is, water pipes which bore identical versions of the RooR trademark but which were not authorized products and which were of inferior quality [*see* Doc. 1 at Page ID # 6-7].

I further find Sream has established the "likelihood of confusion" element. The Sixth Circuit has identified the following factors a court may consider:

> (1) strength of the plaintiff's mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the defendant's intent in selecting the mark; and (8) likelihood of expansion of the product line.

9

*Valvoline, LLC v. Franks Oil King, Inc.*, No. 20-cv-10044, 2021 WL 3772894, at *3 (E.D. Mich. Aug. 23, 2021) (quoting *Audi AG v. D'Amanto*, 469 F.3d 534, 542-43 (6th Cir. 2006)). "A court need not consider all of the factors; it simply must consider the 'ultimate question [of] whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way.'" *Id.* (quoting *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 793 (6th Cir. 2004)).

Counterfeiting is a "subset of infringement." *Summit Tool Co. v. Xinkong USA, Inc.*, No. 5:20-cv-1182, 2021 WL 3190780, at *4 (N.D. Ohio July 28, 2021). The Sixth Circuit has held:

> To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116. 15 U.S.C. § 1117(b). Section 1116 defines "counterfeit mark" as "a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). Elsewhere, the statute provides additional clarification, defining "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

*Laukus v. Rio Brands, Inc.*, 391 F. App'x 416, 425 (6th Cir. 2010).

Based on the admitted facts in the complaints and considering the standards set forth above, I find Sream has established a likelihood of confusion sufficient to hold each of the Defendants liable for the trademark infringements, and further that the infringing marks qualify as counterfeit. The trademark at issue is incontestable because it is registered, and therefore it "get[s] the benefit of 'the strength accorded to a descriptive mark with a secondary meaning.'" *FenF v. Yogabody Naturals, LLC*, No. 16-13483, 2017 WL 4841440, at *2 (E.D. Mich. Oct. 26, 2017) (quoting

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 282 (6th Cir. 1997)).

As shown in the pictures of the water pipes attached to the complaints and alleged in the complaints, the marks are identical to the registered marks used on authentic RooR products, making them counterfeit. The counterfeit water pipes have and are likely to continue to confuse the consuming public, which in turn, has caused and will continue to cause harm to Sream and the RooR Marks. Further, each Defendant's acts were willful and undertaken "with the deliberate intent to trade on the goodwill of the RooR Marks, cause confusion and deception in the marketplace, and divert potential sales of authentic RooR water pipes." [Doc. 1 at Page ID # 7, ¶ 25].

As a result, I find Sream is entitled to default judgments on its claims for trademark infringement and use of counterfeit trademarks in violation of 15 U.S.C. §§ 1114 and 1116.

### 2. 15 U.S.C. § 1125(a)

Section 1125(a) provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
>
> (2) As used in this subsection, the term "any person" includes any State, instrumentality of a State or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this chapter in the same manner and to the same extent as any nongovernmental entity.
>
> (3) In a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.

15 U.S.C. § 1125(a).

A party need not be the registrant or owner of a trademark to have standing to pursue a claim under 15 U.S.C. § 1125(a), which allows "any person" to bring a claim "'who believes that he or she is likely to be damaged by' the false designation of origin or goods, or false description or representation of goods." *Am. Customer Satisfaction Index, LLC v. ForeSee Results, Inc.*, No. 18-cv-13319, 2019 WL 3342340, at *5 (E.D. Mich. July 25, 2019) (quoting *Armada Oil & Gas Co. v. Eppco, Inc.*, No. 06-CV-10269, 2007 WL 2713738, at *3 (E.D. Mich. Sept. 17, 2007)). Moreover, the same test for "likelihood of confusion" applies to claims brought under § 1125. *See Valvoline, Inc.*, 2021 WL 3772894, at *3 (holding that § 1114 and § 1125 claims are "examined using the same factors, with the likelihood of confusion being the touchstone of the claims" (citations omitted)).

Accordingly, I find Sream is entitled to default judgments on its false designation of origin/unfair competition claims under § 15 U.S.C. § 1125(a), for the same reasons it is entitled to default judgments on its §§ 1114 & 1116 trademark infringement/counterfeit trademark claims.

C.  **Relief**

For relief, Sream requests statutory damages in the amount $15,000, plus $783.51 in costs in each case, for a total of $45,000 in statutory damages and $2350.53 in costs.[3]

The Lanham Act authorizes an award of statutory damages in lieu of actual damages. 15 U.S.C. § 1117. "Statutory damages for trademark infringement are available for up to $200,000 per counterfeit trademark infringed, regardless of willfulness, and enhanced up to $2,000,000 per mark if the infringement is willful." *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-00241, 2010 WL 2572113, at *2 (S.D. Ohio June 22, 2010) (citing 15 U.S.C. § 1117(c)). Statutory damages "are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Id.* (citations omitted). The statute "does not provide guidelines for courts to use in determining an appropriate award" and is only limited by what "the court considers just." *Id.* Moreover, a court may infer a defendant's infringement is willful "from the defendant's failure to defend." *Id.*

The complaints and accompanying exhibits demonstrate that each Defendant was willfully and intentionally selling counterfeit water pipes bearing an RooR trademark. The actions of each Defendant have caused Sream to suffer losses including lost profits as well as lost customer good will and brand reputation. By counterfeiting Sream's trademarks and passing off unauthorized goods as RooR, each Defendant benefited from the goodwill associated with the RooR brand. On

---

[3] Although Sream requested several forms of injunctive relief in its complaints, it does not attempt to address such relief in the motions for default judgment. Sream did file a proposed "order and judgment" in Case Nos. -210 and -211, which references injunctive relief, but again, in each of the motions for default judgment Sream specifically asks the Court to "grant the Plaintiff all relief requested in this Motion, namely . . . statutory damages . . . and . . . costs." [Doc. 24 at Page ID # 86]. Accordingly, I will recommend any such requests for injunctive relief, or any other form of relief listed in the complaints but not addressed in the motions for default judgment, be denied.

13

the other hand, the only proof Sream has submitted or even alleged against Defendants is that they each sold one counterfeit water pipe bearing one RooR trademark.

Considering the foregoing, I will recommend an award of $15,0000 against each Defendant, the amount of statutory damages requested by Sream. This amount will have a deterrent effect without being excessive in light of the limited amount of damages attributable to the relevant sales by each Defendant. *See, e.g., Andy's Smoke Shop*, 2018 WL 5279130, at *6 (awarding $25,000 for one infringed RooR trademark based on proof of one water pipe sale); *Luxottica Grp., S.p.A. v. 111 Pit Stop, Inc.*, No. 2:19-cv-00015, 2020 WL 4287198, at *7-8 (M.D. Tenn. July 27, 2020) (reasoning in part that award of $100,000 per infringement "should be adequate to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiffs' trademarks").

Section 1117(a) also allows for an award of costs to a prevailing plaintiff. Sream seeks $783.41, "consisting of the filing fee ($400.00), the process server fee ($105.00), Plaintiff's investigation fees ($262.01), and various mailing fees ($16.50)." [Doc. 24-1 at Page ID # 96, ¶ 6]. Sream does not provide any documentation beyond an affidavit from "Jamie Alan Sasson," who is identified as a member of the "law firm that is counsel of record" for Sream in this case [Doc. 24-1]. However, neither Mr. Sasson nor his law firm are counsel of record in any of the Sream cases currently pending before the Court. Mr. Sasson's affidavit was notarized in Florida, where a number of other Sream/RooR cases have been filed, but the sales at issue in this case took place in and around Chattanooga. Counsel of record for Sream in these cases is Casey Long of the Long Law Firm in Lawrenceburg, Tennessee. Long does not attest to any particular expenses, although the complaints themselves are accompanied by a receipt for the $400 filing fee [Doc. 1-3 at Page ID # 20].

Section 1117(a) does not define what "costs," are available, but courts have limited the recovery to costs available under 28 U.S.C. § 1920. *See, e.g., Profusion Indus.*, 2016 WL 7178731, at *9; *Summit Tool Co. v. Xinkong USA, Inc.*, No. 5:20-cv-1182, 2021 WL 3190780, at *10-11 (N.D. Ohio July 28, 2021). I therefore recommend awarding Sream only those costs available under 28 U.S.C. § 1920, as determined by the Clerk upon submission by Sream of a timely and properly supported bill of costs.

## IV. CONCLUSION

For the reasons stated herein, I find Sream has stated claims for trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114 and 1116(d), and for false designation of origin/unfair competition in violation of 15 U.S.C. § 1125. I therefore **RECOMMEND**[4] that:

(1) Sream's motions for default judgment [Doc. 24 in Case No. 1:20-cv-209; Doc. 25 in Case No. 1:20-cv-210; Doc. 25 in Case No. 1:20-cv-211] be **GRANTED** to the extent set forth herein, and that judgment be entered in favor of Sream on these claims;

(2) Sream be **AWARDED** against each Defendant (a) $15,000 in statutory damages and (b) costs allowed under 28 U.S.C. § 1920, to be determined by the Clerk upon submission of a timely, properly submitted bill of costs;

(3) all other forms of relief addressed in the complaints and effectively abandoned in the motions for default judgment be **DENIED**; and

(4) the first filed and substantively duplicative motion for default judgment pending in Case No. 1:20-cv-210 at Docket No. 23 and in Case No. 1:20-cv-211 at Docket No. 23 be **DENIED** as moot.

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

15

The Clerk is **DIRECTED** to mail each Defendant a copy of this Report and Recommendation.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE